IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BUDDY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-6065-CV-SJ-SOW |
| | ) | |
| CITY OF GRANT CITY, MISSOURI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are plaintiffs' Motion to Remand (Doc. #3), plaintiffs' Suggestions in Support, defendant's Suggestions in Opposition (Doc. #4), and plaintiffs' Reply (Doc. #5). For the reasons stated herein, plaintiffs' motion is granted.

I. Background

Plaintiff Buddy Jackson filed a lawsuit on October 25, 2004 against the City of Grant City, Missouri and Charles Downey in the Circuit Court of Worth County, Missouri for the wrongful termination of the water and gas services for plaintiff's premises. Plaintiff sought economic damages, as well as damages for loss of the use and enjoyment of his home, and mental distress and anguish. Furthermore, plaintiff sought punitive damages in the amount of $5,000,000. Plaintiff alleges that this wrongful termination was contrary to the ordinances of the City of Grant City, contrary to the rules and regulations of the City of Grant City relating to the sale of gas and water, and that it deprived plaintiff of a valuable property right without due process of law.

Defendant removed this action on June 23, 2005, pursuant to 28 U.S.C. §1441(a)(b)(c),

alleging that this Court has original jurisdiction pursuant to 28 U.S.C. §1331.

II. Standard

The burden is on a removing defendant to show that federal jurisdiction exists. Hatridge v. Aetna Casualty and Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). This Court has original jurisdiction in all civil actions arising under the Constitution of the United States. 23 U.S.C. § 1331. It is well established that in order for this Court to have original federal question jurisdiction, the plaintiff's "well-pled complaint" must raise issues of federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pled complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A case may not be removed to federal court based on a federal defense. Id. at 393. The well-pled complaint rule makes the plaintiff the "master of the claim," such that "he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. at 392.

III. Discussion

In this case, this Court has no federal jurisdiction over plaintiff's claims and therefore the case is not removable. Plaintiff's petition alleges a deprivation of a valuable property right without due process of law. The petition contains the following allegations: "the termination of the gas and water was wrongful for the following reasons: c. it deprives plaintiff of a valuable property right without due process of law." Even though defendants contend that the plaintiff never specified in the petition whether the denial of due process was a violation of the Missouri or United States Constitution, plaintiff's Motion to Remand indicates that it was never the intention of counsel for plaintiff to plead any type of federal cause of action. Based on this

binding representation by the plaintiff, this Court finds that the claim arises under the due process guarantee of the Missouri Constitution, Art. 1, sec. 10.

Contrary to what the defendants contend, it is irrelevant that plaintiff could have brought his claim under federal law, pursuant to the due process clause of the United States Constitution. The plaintiff is the "master of his complaint" and may avoid federal jurisdiction by exclusively relying on state law.

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiffs' Motion to Remand (Doc. #3) is granted and this case is remanded to the Circuit Court of Worth County, Missouri for all further proceedings.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 8-29-05